**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION**

IN RE:

EMERSON A. LEWIS                                          CASE NO. 10-21912

DEBTOR

LORI A. SCHLARMAN, TRUSTEE                                          PLAINTIFF

V.                                                      ADV. CASE NO. 11-2007

HARRY JOHNS, ET AL.                                          DEFENDANTS


**MEMORANDUM OPINION**


The issue before the Court is whether the Plaintiff Trustee may avoid the liens held by

the Defendants Harry Johns ("Johns") and Harold Gaines ("Gaines") (collectively the

"Defendants") on nine vehicles, titled in the name of Lewis Auto Sales and listed as personal

property on Schedule B of the Debtor's petition, pursuant to 11 U.S.C. §547(b).  The

Defendants do not dispute that if the vehicles are property of the Debtor's estate then their liens

may be avoided by the Trustee as a preferential transfer under §547(b).  But the Defendants

argue that the vehicles are not property of the estate because the vehicles are titled in the name

of Lewis Auto Sales, which they assert is a partnership between the Debtor and the Defendants,

and thus their interest is an ownership interest rather than a security interest subject to

avoidance.  The Trustee argues that Lewis Auto Sales is a sole proprietorship owned by the

Debtor and thus the vehicles belong to the Debtor and may be avoided.

The Trustee moved for summary judgment against the Defendants and the Debtor.  The

Defendants objected but the Debtor did not respond.  The Trustee and the Defendants have

since stipulated to the relevant facts and submitted the matter on its record in lieu of trial.  The

1

Court, after having reviewed the record and the parties' stipulations of fact, holds that Lewis

Auto Sales is a sole proprietorship owned by the Debtor.  Therefore, the nine vehicles, titled in

the name of Lewis Auto Sales, are property of the Debtor's estate subject to the liens held by

the Defendants as secured creditors.  Those liens, noted on the certificates of title on April 15,

2010, or eighty-nine days prior to the filing of the Debtor's petition, are avoidable by the Trustee

pursuant to 11 U.S.C. §547(b).

## Facts

The following facts are undisputed.  The Debtor, Emerson A. Lewis, operated Lewis

Auto Sales, a used car lot located in Glencoe, Kentucky, jointly with his wife.  Lewis Auto Sales

was not incorporated nor did it have any partnership documents or a certificate of registration

filed with any governmental entity.

The Debtor filed individually for Chapter 7 relief on July 13, 2010.  The Plaintiff,

Lori A. Schlarman, was appointed as Chapter 7 Trustee.  On Schedule B of his petition,

the Debtor listed nine automobiles held as inventory for resale at Lewis Auto Sales.  The

Debtor listed the Defendants on Schedule D of his petition as having a security interest

in the nine vehicles (the "Vehicles"), identified more specifically as the following:

| | |
|---|---|
| 2009 Toyota Camry | Vin# 4T1BE46K39U315306 |
| 2004 Toyota Avalon | Vin# 4T1BF28B34U340584 |
| 2004 Toyota Highlander | Vin# JTEDP21A340007560 |
| 2004 Toyota Corolla | Vin# 2T1BR32EX4C294267 |
| 2002 Mercury Sable | Vin# 1MEPM50U62G635313 |
| 2000 Chevrolet Prism | Vin# 1Y1SK5283YZ409499 |
| 2001 Chevrolet Impala | Vin# 2G1WF52E919309416 |
| 2000 Ford Escort | Vin# 3FAKP1139YR123994 |
| 2004 Chevrolet Cavalier | Vin# 1G1JC52F947331904 |

The Defendants subsequently filed proofs of claim as secured creditors.  Johns

filed Proof of Claim #8 identifying a claim of $46,110.89 based on a security interest in

the following six vehicles: (1) the 2009 Toyota Camry; (2) the 2004 Toyota Avalon; (3)

the 2004 Toyota Highlander; (4) the 2004 Toyota Corolla; (5) the 2002 Mercury Sable;

and (6) the 2000 Chevrolet Prism.  Gaines also filed Proof of Claim #7 identifying a claim

of $12,778.00 based on a security interest in the following three Vehicles: (1) the 2001

Chevrolet Impala; (2) the 2000 Ford Escort; and (3) the 2004 Chevrolet Cavalier.

The certificates of title on all nine of the Vehicles are in the name of "Lewis Auto

Sales".  Furthermore, the titles of the 2001 Chevrolet Impala, the 2000 Ford Escort, and

the 2004 Chevrolet Cavalier reflect a lien filed by Gaines on April 15, 2010 in Owen

County, Kentucky consistent with the Debtor's Schedule D and Gaines' Proof of Claim.

Likewise, the titles to the 2009 Toyota Camry, the 2004 Toyota Avalon, the 2004 Toyota

Highlander, the 2004 Toyota Corolla, the 2002 Mercury Sable, and the 2000 Chevrolet

Prism reflect liens filed by Johns on April 15, 2010 in Owen County, Kentucky consistent

with his Proof of Claim and the Debtor's Schedule D.

On February 16, 2011, the Trustee filed this adversary proceeding seeking to

avoid the liens held by the Defendants pursuant to 11 U.S.C. §547(b) as a preferential

transfer made within ninety days of the filing of the Debtor's petition.  The Defendants

answered the Complaint on March 20, 2011, and filed a counterclaim against the

Trustee and a cross-claim against the Debtor alleging that the Vehicles are not property

of the Debtor's estate.  The Defendants allege that they were partners with the Debtor in

Lewis Auto Sales, which was purportedly operating as a partnership until the filing of the

Debtor's individual bankruptcy.  According to the Defendants, Lewis Auto Sales is not in

bankruptcy and since the partnership owns the Vehicles, they are not assets of the

Debtor's estate and are not subject to an avoidance action by the Trustee.

The details of the business arrangement between the Defendants and the

Debtor, as opposed to its legal definition, are not in dispute.  The Debtor had a long-

standing business arrangement with the Defendants whereby the Debtor and the

Defendants agreed that the Debtor would purchase certain vehicles to be titled in the

3

name of Lewis Auto Sales.  After a particular vehicle was purchased at an auction, either

Gaines or Johns would write a check to Lewis Auto Sales for the purchase price of the

vehicle paid at the auction.  The vehicle would then remain on the Lewis Auto Sales lot

until purchased by a customer.  Once the vehicle was sold, if either of the Defendants

had written a check to Lewis Auto Sales, then Lewis Auto Sales would deduct expenses

and pay either Gaines or Johns the original purchase price of the vehicle plus one-half

the net profit over the purchase price and expenses for that particular car.  The other half

of the vehicle's net profit was retained by the Debtor.

During the course of this business arrangement with the Defendants, the Debtor

sold vehicles at Lewis Auto Sales purchased by him that were not subject to this

business arrangement with the Defendants.  The Defendants did not share in the profits

from these other vehicles; rather, the Defendants only received "profits" from sold

vehicles for which they had written checks towards the purchase, repair and upkeep.

Moreover, the business arrangement never involved the sharing of profits by all three

parties for a single vehicle; either the Debtor would share the profits from the sale of a

vehicle with Gaines or the Debtor would share the profits collected from a particular

vehicle with Johns.

During the course of this business arrangement, the Defendants did not

contribute towards the utility or the upkeep of the business operations of Lewis Auto

Sales.  Moreover, while the Debtor did pay for the cost of the Defendants' salesperson

licenses, the Defendants did not receive K-1 or 1099 tax statements from Lewis Auto

Sales or the Debtor.

Each of the Vehicles at issue in this adversary proceeding was purchased

subject to this business arrangement.  The Vehicles were purchased by the Debtor at an

auction.  The Debtor paid for the Vehicles by a check signed by the Debtor from a

checking account titled in the name of "Emerson or Ruth Ann Lewis d/b/a Lewis Auto

Sales."  The Defendants in turn wrote a check to the Debtor or Lewis Auto Sales for the

purchase price of the Vehicle.  Each of the checks written by the Defendants reflects an

amount that matches the purchase price paid at the auction for the Vehicles claimed by

either Gaines or Johns.  The Vehicles were parked at Lewis Auto Sales and offered for

sale by Lewis Auto Sales.  The Debtor or Lewis Auto Sales paid for the liability insurance

covering the Vehicles.

On July 25, 2011, the Trustee moved for summary judgment, arguing that the

liens held by the Defendants should be avoided as preferential transfers pursuant to 11

U.S.C. §547(b).  The Defendants objected on the basis that the Vehicles are not

property of the Debtor's estate, but belong to Lewis Auto Sales, a partnership in which

they are partners.  The Debtor did not respond.  The Trustee and the Defendants

stipulated to the facts as cited above and filed an agreed order deeming the matter

submitted.  This matter is therefore ripe for review and determination by this Court.

**Analysis**

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §157 and

§1334.  This is a core proceeding under 28 U.S.C. §157(b)(2).  Venue is appropriate

pursuant to 28 U.S.C. §1409.

The Trustee moves to avoid the liens held by the Defendants in the Vehicles as

preferential transfers.  A trustee can avoid a transfer of an interest of the debtor in

property:

   (1)    to or for the benefit of a creditor;
   (2)    for or on account of an antecedent debt owed by the debtor before such
          transfer was made;
   (3)    made while the debtor was insolvent;
   (4)    made –
          (A)    on or within 90 days before the date of the filing of the petition; or

          (B)       between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

     (5)       that enables such creditor to receive more than such creditor would receive if –

          (A)       the case were a case under chapter 7 of this title 11 U.S.C. §§701 *et seq.*;

          (B)       the transfer had not been made; and

          (C)       such creditor received payment of such debt to the extent provided by the provisions of this title 11 U.S.C. §§101 *et seq.*

11 U.S.C. §547(b).  A debtor is presumed insolvent on or during the ninety days preceding the date of the filing of the petition.  11 U.S.C. §547(f).

There is no dispute that the liens were conveyed to the benefit of the Defendants, who paid the Debtor an amount equal to the purchase price of the Vehicles following the Debtor's purchase of them at auction.  There is also no dispute that the Defendants' liens were noted on the titles to the Vehicles eighty-nine days prior to the filing of the Debtor's petition.  The Debtor is presumed insolvent ninety days before the filing of the bankruptcy petition, a presumption that the Defendants do not attempt to refute.  Finally, the Defendants do not take issue with the fact that the liens on the Vehicles enable them to receive more as secured creditors than they would receive if the liens had not been noted on the titles.

Thus, the only dispute is whether the Vehicles are property of the estate as "an interest of the Debtor" that is subject to avoidance by the Trustee.  The Defendants argue that the Vehicles are not, as they belong to Lewis Auto Sales, a partnership that has not filed bankruptcy.  The Trustee contends that Lewis Auto Sales is a sole proprietorship and as such, its assets are property of the Debtor's estate.  Thus, this matter boils down to the question of whether Lewis Auto Sales is a sole proprietorship or a partnership.

The definition of a partnership is governed by state law.  A partnership is an

"association of two (2) or more persons to carry on as co-owners of a business for

profit."  K.R.S. §362.175.  The rules for determining the existence of a partnership in

Kentucky are set forth in K.R.S. §362.180:

> (1)  Except as provided by KRS §362.225 persons who are not partners as to each other are not partners as to third persons.
>
> (2)  Joint tenancy, tenancy in common, tenancy by the entireties, joint property, common property, or part ownership does not of itself establish a partnership, whether such co-owners do or do not share any profits made by the use of the property.
>
> (3)  The sharing of gross returns does not of itself establish a partnership, whether or not the persons sharing them have a joint or common right or interest in any property from which the returns are derived.
>
> (4)  The receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner in the business, but no such inference shall be drawn if such profits were received in payment:
>> (a)  As a debt by installments or otherwise,
>> (b)  As wages of an employee or rent to a landlord,
>> (c)  As an annuity to a widow, or widower or representative of a deceased partner,
>> (d)  As interest on a loan, though the amount of payment vary with the profits of the business,
>> (e)  As the consideration for the sale of a goodwill of a business or other property by installments or otherwise.

The Defendants rely on K.R.S. §362.180(4) and argue that their receipt in a

share of the profits in the Vehicles is *prima facie* evidence that they are partners in Lewis

Auto Sales.  This reliance on K.R.S. §362.180(4) is misplaced.  While the Defendants

certainly received a share of the profits for the sale of particular vehicles, and would

have received a share of any profits for the sale of the Vehicles herein, the Defendants

did not share in the overall profits of Lewis Auto Sales.  Rather, their select share of the

profits was tied to their initiative to provide the Debtor financing with which to purchase

the Vehicles for resale by paying the Debtor for the purchase price of the Vehicles at the

auction.  The Defendants did not share in the profits "of a business" but rather financed

the purchase of particular vehicles for a portion of the profits upon resale.  Thus, the

business arrangement between the Debtor and the Defendants more closely resembles

the exception set forth in K.R.S. §362.180(4)(d), or profits received in payment "as

interest on a loan."  "One who makes a loan of money or credit to the owner of a

business in consideration of a share of its profits in repayment of such loan does not

thereby become a partner in business."  *See Dowdey v. Henry (In re Washington*

*Communications Group, Inc.*), 18 B.R. 437 (Bankr. D.C. 1982).

Lewis Auto Sales was not incorporated and no partnership documents or

certificate of registration was filed with any governmental entity.  The Debtor testified that

Auto Sales was a sole proprietorship.  The Debtor, in filing his petition as Emerson A.

Lewis, did not distinguish between his personal assets and those of Lewis Auto Sales,

but rather listed the Vehicles as his personal property on Schedule B of the petition.  In

paragraph 18 of the Debtor's Statement of Financial Affairs, he listed no business

partners and treated the Defendants as secured creditors on Schedule D of the petition.

Likewise, the Defendants acted as secured creditors by filing proofs of claims as

secured creditors asserting their liens on the Vehicles.

Finally, the Debtor paid for all the expenses associated with Lewis Auto Sales,

including the insurance covering the Vehicles; the Defendants shared none of this

burden.  The select sharing of profits on a few select vehicles paid for by the Defendants

without the sharing of profits and expenses of Lewis Auto Sales as a whole is not "an

association of two (2) or more persons to carry on as co-owners of a business for

profit…"  K.R.S. §362.175.  This business arrangement is nothing more than a creative

arrangement to finance the purchase of certain vehicles owned and sold by the Debtor in

exchange for a portion of the profits from those selective vehicles.

Lewis Auto Sales is not a partnership but a sole proprietorship.  As a sole proprietorship, Lewis Auto Sales is not a separate legal entity and the inventory of Lewis Auto Sales belongs to the Debtor as property of his estate.  11 U.S.C. §541; *In re Doris A. Christenberry*, 336 B.R. 353 (2005) (*quoting Gilliam v. Speier (In re KRSM Props, LLC)*, 318 B.R. 712 (B.A.P. 9th Cir. 2004)) (holding that a sole proprietorship cannot file for bankruptcy without its proprietor so filing).  Thus, the Vehicles titled in the name of Lewis Auto Sales are assets of the Debtor's estate and subject to the Trustee's avoidance powers pursuant to 11 U.S.C. §547(b).

## Conclusion

Lewis Auto Sales is a sole proprietorship owned by the Debtor and not a partnership with the Defendants.  Therefore, the Vehicles titled in the name of Lewis Auto Sales are property of the Debtor's estate.  The Trustee having met the elements of 11 U.S.C. §547(b), the Defendants' liens on the Vehicles are subject to avoidance as a preferential transfer.  The Defendants' counterclaim against the Chapter 7 Trustee and cross-claim against the Debtor shall be dismissed.

The foregoing constitutes the Court's findings of fact and conclusions of law.  A separate order shall be entered accordingly.


Copies To:

Debra Pleatman, Esq.

Stuart Brown, Esq.

Michael D. Triplett, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



Signed By:
*Tracey N. Wise*
**Bankruptcy Judge**
**Dated: Wednesday, November 02, 2011**
**(tnw)**